## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

MAR 13 2025 PM3:34
FILED-USDC-CT-HARTFORD

| | |
|---|---|
| **BOBBY BEAUVIOR** | ) **JURY TRIAL DEMANDED** |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.** |
| | ) |
| **EQUIFAX INFORMATION** | ) |
| **SERVICES LLC** | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.    INTRODUCTION

1. This is a civil action for actual damages, statutory damages and punitive damages brought by

   Bobby Beauvior (Plaintiff), an individual consumer, against Defendant, Equifax Information

   Services LLC (hereinafter "Equifax") for violations of the Fair Credit Reporting Act, 15

   U.S.C § 1681 et seq. (hereinafter "FCRA").

### II.    JURISDICTION AND VENUE

2. Jurisdiction of the court arises under 15 U.S.C § 1681(p) and 28 U.S.C § 1331. The Venue in

   the District is proper in that Equifax transacts business in Middlesex County, Connecticut,

   and the conduct complained of occurred in Middlesex County, Connecticut.

2.

## PRELIMINARY STATEMENT

The FCRA (Fair Credit Reporting Act) regulates consumer reporting, Congress enacted the

statue to ensure fair and accurate credit reporting, promote efficiency in the banking system, and

protect consumer privacy. One of the problems with the credit reporting industry that Congress

recognized and sought to remedy with the FCRA (Fair Credit Reporting Act) was that a

consumer is not always given access to the information in their file. The FCRA (Fair Credit

Reporting Act) also promotes transparency of the credit reporting system to consumers in many

ways, including in their file upon request. Under Section 609(a), a consumer reporting agency

must, upon request, clearly and accurately disclose to the consumer all information in the

consumer's reporting agencies. The FCRA (Fair Credit Reporting Act) defines a consumer's file

as all the information on that consumer that is recorded and retained by a consumer reporting

agency, regardless of how the information is stored. Section 609(a) file disclosure requirements

are central to the statue's accuracy, fairness and consumer privacy in the consumer reporting

system.

## IV.    FACTUAL ALLEGATIONS

8. On January 11, 2025, Plaintiff sent Equifax a written request for a copy of his full consumer

   file disclosure and included copies of proper identification (driver license, social security

**4.**

13. Plaintiffs never made a request for a credit report from Equifax, Plaintiff was unequivocal, explicit and very specific in requesting a full consumer file disclosure pursuant to 15 U.S.C. § 1681(g)(a)(1).

14. Equifax did not provide Plaintiffs with his full file disclosure.

15. Thus, Equifax violated the FCRA (Fair Credit Reporting Act). For Plaintiff to obtain a full file disclosure under the FCRA, Plaintiff is only required to do two (2) things. (1) make a request and (2) provide proper identification (Plaintiff did those two things). Once those requirements or conditions are satisfied or met the consumer reporting agency shall provide the full file disclosure to Plaintiff.

16. On February 3, 2025, Plaintiff sent Equifax a second and final written request for a copy of his full file consumer file disclosure and included copies of proper identification ( driver license, social security card and proof of address) with the written request via United States Postal Service Certified Mail, Certified Mail Number 9505510559615034934764 (Plaintiff will produce during Discovery).

17. According to the United States Postal Service Tracking Service on their website, Equifax received Plaintiff's Certified Mail with Plaintiff's second and final written request inside on February 6, 2025, at 4:30AM. (Plaintiff will produce during Discovery).

**6.**

22. Thus, Equifax violated the FCRA (Fair Credit Reporting Act). For Plaintiff to obtain a full
file disclosure under the FCRA, Plaintiff is only required to do two (2) things. (1) make a
request and (2) provide proper identification (Plaintiff did those two things). Once those
requirements or conditions are satisfied or met the consumer reporting agency shall provide
the full file disclosure to Plaintiff.

23. Upon information and belief there is substantial information relating to Plaintiff that is
contained in Equifax's files that has not been disclosed to Plaintiff including, but not limited
to information that was previously shown and additional information that is disseminated to
prospective insurers, creditors or employers (3rd parties) who request information on Plaintiff
that Plaintiff has never seen or is aware of.

24. Upon information and belief, the information that is not disclosed to Plaintiff contains
negative codes among other things that are disseminated to prospective insures, creditors or
employers (3rd parties) which directly affect how those prospective insures, creditors or
employers (3rd parties) which directly affect how those prospective insurers, creditors or
employers (3rd parties) would view Plaintiff in terms of rating insurance policies, providing
employment or granting credit.

25. The undisclosed information has never been provided to Plaintiff even when Plaintiff
requested it so Plaintiff could examine it for accuracy and completeness. The undisclosed
information could be blatantly false or misleading and without disclosures by Equifax

**8.**

28. Equifax has constantly refused to provide Plaintiff with his full consumer file disclosure after multiple proper written requests by Plaintiff to Equifax via United States Postal Service Certified Mail (Plaintiff will produce during Discovery).

29. Plaintiff's multiple proper written requests were unequivocal, explicit and very specific and could not possibly by mistaken as a request for a credit report by Equifax.

30. Plaintiff has not had access to that undisclosed information Plaintiff therefore has not had opportunity to review it and dispute the completeness and accuracy of it if it is found to be false; yet Equifax constantly disseminates it to the potential insures, creditors and employers (3rd parties) without Plaintiff's knowledge and illegally and purposely concealed from Plaintiff.

31. Upon information and belief when a report is disseminated by Equifax to a potential insurers, creditor or employer (3rd party) that information is disseminated in an encrypted format with instructions to the users that the consumer is not to be shown that information.

32. Upon information and belief, the full file must contain information that the consumer has never seen, and the consumer reporting agencies do not want Plaintiff to see this information for some unknown reason.

33. Plaintiff was unequivocal, explicit and very specific in his multiple proper written requests to Equifax for his full file consumer file disclosures as clearly stated in and pursuant to 15 U.S.C. § 1681 (g)(a)(1).

violation. 15 U.S.C. § 1681p(2): 5 years after the date on which the violations that is the basis for such liability occurs.

## V.    FIRST CLAIM FOR RELIEF

### Equifax Information Services LLC

### 15 U.S.C. § 1681 ET SEQ.

41. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

42. Equifax violated the FCRA (Fair Credit Reporting Act).

43. Equifax repeatedly failed to comply with Plaintiff's multiple proper written requests for a full consumer file disclosure pursuant to 15 U.S.C § 1681(g)(a)(1).

44. At all times herein Equifax acted negligently and willfully.

45. Equifax is liable to Plaintiff for actual damages, punitive damages and cost pursuant to 15 U.S.C. § 1681n and actual damages, and costs pursuant to 15 U.S.C. § 1681o.

## VI.    SECOND CLAIM FOR RELIEF

### Equifax Information Services LLC

### 15 U.S.C. § 1681e(b)

46. Plaintiff re- alleges and reincorporates all previous paragraphs as if fully set out herein.

**10.**

**Respectfully submitted:**

*Bobby Beauvior*

Date: March 13, 2025

Bobby Beauvior

1215 Town Colony Drive Middletown CT 06457

347-755-6752

Bobbybeauvior@icloud.com

**12.**